No. 88,206

In the Matter of JAMES C. TRICKEY, *Respondent.*

(46 P.3d 554)

Opinion filed May 31, 2002.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was on the formal complaint for petitioner.

*Steven R. McConnell*, of Lenexa, argued the cause for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, James C. Trickey, an attorney admitted to the practice of law in Kansas, whose last known business address is Lenexa, Kansas.

The hearing panel concluded that Trickey violated Kansas Rules of Professional Conduct (KRPC) 1.1 (2001 Kan. Ct. R. Annot. 312) (competence); KRPC 1.3 (2001 Kan. Ct. R. Annot. 323) (diligence); KRPC 1.4 (2001) Kan. Ct. R. Annot. 334) (communication); KRPC 1.16(d) (2001 Kan. Ct. R. Annot. 387) (declining or terminating representation); and Kansas Supreme Court Rule 207 (2001 Kan. Ct. R. Annot. 246) (duties of the bar and judiciary).

Based upon clear and convincing evidence, a unanimous hearing panel made the following findings of fact and conclusions of law.

"FINDINGS OF FACT

"1. James C. Trickey (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 11704. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Lenexa, Kansas 66215. The Respondent was admitted to the practice of law in the state of Kansas on September 23, 1983. On October 20, 2000, the Kansas Supreme Court suspended the Respondent's license to practice law for failing to fulfill the continuing legal education requirements. The Respondent remains on administrative suspension.

"*Complaint of Mike Polys (DA7860)*

"2. Mike Polys retained the Respondent to provide representation in traffic court proceedings in the Municipal Court of Overland Park, Kansas, and the District Court of Wyandotte County, Kansas. Mr. Polys paid the Respondent $200 for the representation.

"3. Mr. Polys attempted to contact the Respondent on numerous occasions. However, Mr. Polys' attempts were unsuccessful. The Respondent failed to return Mr. Polys' telephone calls.

"4. The Municipal Court of Overland Park issued a warrant for Mr. Polys' arrest, because the Respondent failed to appear in behalf of Mr. Polys at one or more hearings. After the Respondent failed to appear in Wyandotte County District Court in Mr. Polys' behalf, Mr. Polys' bond was canceled.

"5. The Respondent failed to keep Mr. Polys adequately informed regarding the status of the cases.

### *"Complaint of Glenna L. Blair (DA7865)*

"6. In February, 1999, Glenna L. Blair met with the Respondent regarding her financial difficulties. At that time, the Respondent informed Ms. Blair that given her circumstances it would be appropriate to file a chapter 13 bankruptcy. The Respondent assured Ms. Blair that she would be able to keep her home and her car. At that time, the Respondent agreed to file a chapter 13 bankruptcy case in behalf of Glenna L. Blair. Ms. Blair provided the Respondent with the financial information necessary for the Respondent to prepare and file the bankruptcy petition.

"7. In March, 1999, Ms. Blair received a summons in a mortgage foreclosure action regarding her home. Ms. Blair provided the summons to the Respondent.

"8. In the following months, the Respondent repeatedly assured Ms. Blair that he was handling her bankruptcy matter. The respondent never provided Ms. Blair with written correspondence regarding the status of the representation. Typically, the contacts between the Respondent and Ms. Blair occurred by telephone, in a local bar or restaurant, or at Ms. Blair's home. Often when the Respondent met with Ms. Blair, he was intoxicated.

"9. In July, 1999, Ms. Blair received notice that her home was being sold. Ms. Blair provided the notice to the Respondent. The Respondent assured Ms. Blair that he would take care of it.

"10. In November, 1999, Ms. Blair received notice that she was being evicted from her home. Thereafter, the Respondent filed a motion to set aside the foreclosure sale. However, the Respondent failed to have the motion set for hearing. The motion was not ruled upon.

"11. Finally, on December 20, 1999, the Respondent filed the chapter 13 petition for bankruptcy. The Respondent failed to inform Ms. Blair that she needed to appear in court on December 22, 1999. As a result, the trustee filed a motion to dismiss.

"12. On January 5, 2000, Ms. Blair paid the Respondent $300. Also on January 5, 2000, Ms. Blair went to court with the Respondent. At that time, they met with the trustee, William Griffin. The trustee informed the Respondent and Ms. Blair that the plan filed by the Respondent was completed improperly and that, because it had previously been foreclosed upon, the house was not protected by the bankruptcy action.

"13. The bankruptcy court granted the trustee's motion and dismissed Ms. Blair's chapter 13 bankruptcy.

"14. After receiving additional notices concerning eviction from her home, on January 26, 2000, Ms. Blair contacted the Respondent. The Respondent came to Ms. Blair's home at 10 p.m., in an intoxicated state. Ms. Blair decided to terminate the services of the Respondent.

"15. With the help of her mother, Ms. Blair retained new counsel. Ms. Blair's new attorney explained to Ms. Blair that, while she had been earlier, she was no longer a good candidate for a chapter 13 bankruptcy case. Ms. Blair's new attorney filed a chapter 7 bankruptcy action in behalf of Ms. Blair.

"16. Because the Respondent failed to timely file a chapter 13 petition in bankruptcy for Ms. Blair, Ms. Blair suffered unnecessary financial loss attempting to retain her home. Ultimately, Ms. Blair lost her home as a result of the Respondent's misconduct.

"17. The Respondent failed to timely respond to requests made by the disciplinary investigator.

### "Complaint of Steve Laterra (DA7891)

"18. Steve Laterra retained the Respondent to sue 'Jerry's Outdoor Equipment, Inc.' regarding a defective tractor. On December 17, 1998, the Respondent filed the case in the District Court of Wyandotte County, Kansas, case numbered 98C5763.

"19. After the case was filed, Mr. Laterra attempted to contact the Respondent by letter and by telephone regarding the status of the case. The Respondent failed to respond to Mr. Laterra's letters and failed to return Mr. Laterra's telephone calls for in excess of one year.

"20. In January, 2000, Mr. Laterra sent the Respondent a letter. The letter was returned and marked undeliverable. Mr. Laterra telephoned the Respondent. However, a recording indicated that the Respondent's telephone number had been disconnected.

"21. Also in January, 2000, Mr. Laterra contacted a new attorney to try to ascertain the status of the case. The Respondent failed to respond to requests for information from Mr. Laterra's new attorney.

"22. In March, 2000, Mr. Laterra went to the District Court of Wyandotte County, Kansas, and examined the court file. At that time, Mr. Laterra learned that the Respondent failed to appear at a discovery conference held March 26, 1999, and, that as a result, the case was dismissed.

"23. Mr. Laterra provided original documents to the Respondent in order to initiate the lawsuit. The Respondent has never returned those documents.

### "CONCLUSIONS OF LAW

"1. Based upon the above findings of fact, the Hearing Panel concludes, as a matter of law, that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16(d), and Kan. Sup. Ct. 207.

"2. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The Respondent failed to competently represent Ms. Blair when he failed to take appropriate action to protect Ms. Blair's ownership rights in her home. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mr. Polys, Ms. Blair, and Mr. Laterra.

a. The Respondent failed to diligently represent Mr. Polys when he failed to appear in court in Mr. Polys' behalf.

b. The Respondent failed to diligently represent Ms. Blair when he failed to file a chapter 13 petition in bankruptcy for several months and when he failed to protect Ms. Blair's ownership rights in her home.

c. The Respondent failed to diligently represent Mr. Laterra when he failed to appear in court for the discovery conference, resulting in a dismissal of Mr. Laterra's case.

Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Polys, Ms. Blair, and Mr. Laterra, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.4(a) provides:

'A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.'

The Respondent failed to return telephone calls to Mr. Polys, Ms. Blair, and Mr. Laterra. Additionally, the Respondent failed to respond to letters from Mr. Laterra. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

At the time the Respondent ceased his representation of Mr. Laterra, the Respondent failed to 'take steps to the extent reasonably practicable to protect' Mr. Laterra by failing to provide notice to Mr. Laterra allowing time for employment of other counsel and by failing to return original documents to Mr. Laterra. The Hearing Panel concludes that, accordingly, the Respondent violated KRPC 1.16(d).

"6. Kan. Sup. Ct. R. 207(b) provides as follows:

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations

concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

The Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b) by failing to provide information requested by the disciplinary investigator in a timely manner.

## "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outline by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation and adequate communication.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, all three of the Respondent's clients suffered actual injury: Mr. Polys' bond was canceled and an arrest warrant was issued for him; Ms. Blair lost her home; and Mr. Laterra's cause of action was dismissed.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has previously been censured for violating KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.15, and Kan. Sup. Ct. R. 207. *In re Trickey*, 268 Kan. 835, 999 P.2d 964 (2000).

"Pattern of Misconduct. Included in this case are three complaints. Each complainant encountered similar problems with the Respondent. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.16, and Kan. Sup. Ct. R. 207. As such, the Respondent committed multiple offenses.

"Vulnerability of Victim. Mr. Polys, Ms. Blair, and Mr. Laterra were vulnerable to the Respondent's misconduct.

"Substantial Experience in the Practice of Law. The Respondent was admitted to the practice of law in the state of Kansas in 1983. At the time he engaged in the misconduct, the Respondent had practiced law for approximately 16 years. As such, the Respondent has substantial experience in the practice of law.

"Indifference to Making Restitution. The Respondent has made no attempt to provide restitution to the victims.

"Although counsel for the Respondent made statements in mitigation of the Respondent's misconduct, no evidence was presented to support those comments.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.42. That standard provides, in pertinent part:
'Suspension is generally appropriate when:
'(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
'(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.'
"Based upon the above findings of fact, conclusions of law, and Standard 4.42, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the State of Kansas."

The respondent, by his attorney, files no exceptions to the hearing panel's final report. The court, having considered the record, the final hearing report, the factors and aggravation and mitigation, and the panel's recommendation, adopts and concurs in the findings, conclusions, and recommendations of the hearing panel. The court unanimously finds that the respondent should be indefinitely suspended from the practice of law in the state of Kansas.

IT IS THEREFORE ORDERED that James C. Trickey be and he is hereby indefinitely suspended from the practice of law in the state of Kansas commencing as of the date of this order.

IT IS FURTHER ORDERED that James C. Trickey make appropriate restitution to the three clients involved.

IT IS FURTHER ORDERED that in the event James C. Trickey should seek reinstatement, he be subject to all of the reinstatement requirements, including a hearing as provided by Supreme Court Rule 219 (2001 Kan. Ct. R. Annot 285).

IT IS FURTHER ORDERED that at the reinstatement hearing, James C. Trickey be required to show that he is current with his Kansas Continuing Legal Education requirements and that he is current with the Kansas Supreme Court annual fees and the Kansas Continuing Legal Education annual fees.

IT IS FURTHER ORDERED that James C. Trickey shall comply with Supreme Court Rule 218 (2001 Kan. Ct. R. Annot. 276) and pay the costs of this action, that this opinion shall be published in

the official Kansas Reports, and that the costs of the proceeding shall be assessed to James C. Trickey.